## ARCHIBALD G. ROGERS *vs.* CATHERINE M. WARD.

A bill in equity lies to enforce payment out of the separate estate of a married woman, so far as she has the right of disposal thereof, of a bond given by her for the price of land conveyed to her to her sole and separate use, provided that no effectual remedy exists at law. And the creditor is not confined to collateral security held by him for the bond.

Such bill need not set out any specific estate or property belonging to the defendant in her own right, but may allege generally that she is possessed of property to her sole and separate use, and subject to her disposal, which is chargeable with the payment of the bond.

The fact that the bond was given before the enactment of the statute conferring full equity jurisdiction upon this court is immaterial.

BILL IN EQUITY alleging that the defendant, the wife of Joseph W. Ward, in November 1855, purchased an estate of Isaac Henderson, in Jamaica, New York, for a price not less than $18,000, assuming and agreeing to pay, as a part of the consideration thereof, a mortgage thereon for $6000 which had been

given by Henderson, and, as a further portion of the consideration, executing jointly with her husband a bond for $6000 to Henderson, and a mortgage on the estate to secure the same; that said bond and mortgage have since been assigned by Henderson to the plaintiff, and the whole of the principal thereof and a part of the interest thereon are now due; that the first mortgage upon the estate has been foreclosed, and the estate sold at sheriff's sale, pursuant to the laws of New York, to pay the mortgage, and that it brought less than enough to pay the same; that the estate was conveyed to the defendant as her sole and separate property, and that she has sold the same for a large sum since the date of said bond and mortgage given to Henderson; that she has other sole and separate property, either in her own name or in the name or hands of a trustee, which ought to be and is holden for and chargeable with the payment of the bond and interest thereon; but that she has refused to pay the same. The prayer was for a discovery, and a decree for the payment of the bond out of the defendant's separate estate. The defendant filed a general demurrer, and the case was reserved by *Hoar*, J. for the determination of the whole court.

*H. C. Hutchins*, for the defendant.

*H. W. Paine*, for the plaintiff.

BIGELOW, C. J. The main question which the defendant seeks to raise by the demurrer to this bill has been fully considered and determined in the recent case of *Willard* v. *Eastham*, 15 Gray, . It was there held, on a careful and considerate view of the authorities and of the principles involved in them, that where, by a contract entered into by a married woman, the debt created by it is made expressly a charge on her separate estate, or is expressly contracted on its credit, or where the consideration goes to the benefit of such estate or to enhance its value, equity will decree that it shall be paid from such estate or its income, to the extent to which the power of disposal by the married woman may go. On the facts set out in the bill, it is clear that the debt which the plaintiff seeks to recover in this suit was contracted on a consideration which went to the benefit

of the separate estate of the defendant. The bond described in the bill, and which the plaintiff now holds, was given by the defendant for a portion of the purchase money of an estate which was conveyed to her, to her sole and separate use. The case, therefore, comes within the rule laid down in the case cited. The estate of the defendant, though she was under coverture when the debt was contracted, is liable therefor, not because the contract has any validity at law, nor by way of appointment or charge, but on the ground that it is just and equitable that the debt should be paid out of the estate which received the benefit of the consideration on which it was contracted.

Nor can we see that the fact stated in the bill, that a mortgage was given by the defendant to secure the payment of the bond now held by the plaintiff, in any degree affects or impairs the equity of the plaintiff to enforce its payment against the separate estate of the defendant. The taking of collateral security for the payment of a debt does not afford any implication that the creditor is to look to it only or primarily for the payment of the debt. The obligation of the debtor to respond in his person and property is the same as if no security had been given. This is the settled rule at law. *Cornwall* v. *Gould,* 4 Pick. 448. *Beckwith* v. *Sibley,* 11 Pick. 484. *Taylor* v. *Cheever,* 6 Gray, 146. It seems to us that equity should follow the law, and apply the same rule to debts contracted by married women. The equitable relief which is afforded to enforce payment of such debts out of their separate property is founded on the reason that the contract is entered into in such form as to indicate an intent to create a personal liability by the wife. Equity will give effect to this intention by assisting the creditor to reach and apply her separate estate, so far as the *jus disponendi* is vested in her. This intent and the facts on which it rests are in no degree affected by the giving of collateral security. The contract, being entered into by the married woman in such manner as would create a personal obligation on her if sole, is decisive evidence that she did not intend that the creditor should look exclusively to the property which was pledged for its payment, but that he should have such other remedies for the

enforcement of his claim as her personal promise to pay the debt might give him.

Another ground urged by the counsel for the defendant in support of the demurrer is, that the bill does not set out any specific estate or property belonging to the defendant in her own right. But such a statement is not necessary. It is sufficient that it is distinctly alleged that she is possessed of property to her sole and separate use and subject to her disposal, which is holden for and chargeable with the payment of the debt due to the plaintiff. If on the coming in of the answer the defendant does not disclose the existence of such property, but denies the allegation, it will be incumbent on the plaintiff to support it by proof, or, failing to do so, to forfeit his claim to equitable relief. In like manner, if it shall be made to appear that the separate property of the wife is held by a trustee, it will be necessary for the plaintiff, in order to entitle himself to a decree, to amend his bill by making such trustee a party. But until it appears that the property of the defendant is in the hands of a trustee, so that it cannot be properly reached and applied to the payment of the plaintiff's debt without making the trustee a party, the bill is not defective or open to demurrer.

It is also suggested that, when the bond was given by the defendant, it could not have been enforced in this commonwealth against her separate estate, because no court had then the power to take cognizance in equity over the subject matter of the bill, and that this court cannot now afford the relief which the plaintiff seeks by enforcing a contract entered into prior to the time when full chancery jurisdiction was conferred upon it. But this argument confounds the distinction between a right and a remedy. The contract and the obligation imposed by it on the defendant to apply her separate property in payment of the debt did not acquire any force or validity from the statute which gave full equity power to this court. These existed prior to and independently of the statute, which only supplied the means by which they could be enforced.

Finally it is urged that the bond set out in the bill, being a debt contracted by the defendant in relation to her separate

property, is under the statutes of this commonwealth a debt which can be enforced at law against the separate property of the wife, and that the plaintiff, having thus an adequate and complete remedy at law, cannot ask for the interference of this court to grant him equitable relief. But the answer to this objection is, that it does not appear that the debt which the plaintiff seeks to enforce in this suit was contracted in this commonwealth, or is of such a nature that a married woman would be liable thereon and her property be subject to attachment under our statutes. *Demurrer overruled.*